UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 19-2260-DMG (KKx)** | Date | September 17, 2020 |
|---|---|---|---|

| Title | *Annais Wiggins v. Penske Logistics LLC, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [34]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Annais Wiggins. [Doc. # 34.]  The MTR is fully briefed. [Doc. ## 40 ("Opp"), 41 ("Reply").] For the reasons set forth below, the MTR is **DENIED**.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On June 26, 2019, Plaintiff filed a Complaint in San Bernardino County Superior Court against Defendants Brian Alexander Avila ("Avila") and Aaron's, Inc. asserting two claims for wrongful death and negligent infliction of emotional distress, and a survival action pursuant to California Code of Civil Procedure section 377.34.  Not. of Removal, Ex. 1 ("Compl.") [Doc. #1].  Plaintiff's allegations stem from a 2017 incident where Plaintiff and her mother, Lorie Marie Gendron were struck by a semi-truck driven by Defendant Avila, in the course and scope of his employment with Defendant Aaron's.  Compl. at ¶¶ 14-19.

On November 21, 2019, Defendants Avila and Aaron's removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, 1446 and Federal Rule of Civil Procedure Rule 81(c).  Not. of Removal [Doc. #1.]  The Notice of Removal alleges that Plaintiff is a citizen of California, Aaron's is a citizen of Georgia, Avila is a citizen of Arizona, and the amount in controversy exceeds $75,000.  *Id.* at 2-3.

On July 24, 2020, Plaintiff filed the instant MTR, asserting that Avila is in fact a California citizen, and the Court lacks diversity jurisdiction or any other form of subject matter jurisdiction over this action.  MTR at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 19-2260-DMG (KKx)** | Date | September 17, 2020 |
|---|---|---|---|

| Title | *Annais Wiggins v. Penske Logistics LLC, et al.* | Page | 2 of 4 |
|---|---|---|---|

**II.**
**LEGAL STANDARD**

Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.  A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought.  28 U.S.C. § 1441.

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship.  *Diaz v. Davis* (*In re Digimarc Corp. Derivative Litig.*), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability").  The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

**III.**
**DISCUSSION**

Plaintiff argues removal is improper because Avila has not adequately alleged his Arizona citizenship.  Plaintiff contends that Avila is, and has always been, a citizen of California. MTR at 7-8.

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citations omitted).  For jurisdictional purposes, domicile is determined as of the time the lawsuit is filed. *Id.*  It is well established that domicile is determined by "fixed habitation of abode in a particular place, and an intention to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940).  Tangible factors which reflect this intent include "current residence, voting registration and voting practices, location of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **ED CV 19-2260-DMG (KKx)**                                    Date   September 17, 2020

Title   *Annais Wiggins v. Penske Logistics LLC, et al.*                        Page   3 of 4

personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

Many of these factors apply to Avila in both Arizona and California as of June 2019, when the Complaint was filed. Indicia that Avila's domicile in California at the time the Complaint was filed include the fact that he had a California driver's license, and he operated his trucking business and had his truck registered in the state. MTR at 5. He also used a California mailing address, paid taxes in the state, and had numerous personal and family connections here. *Id.* at 5; Reply at 18. When in California, he would sleep in his truck. Avila Depo. at 101 [Doc. # 40-1]. To support his claim of Arizona citizenship, Avila provided (1) his Arizona Class A commercial driver's license issued in 2015, showing an address in Buckeye, Arizona and (2) the deed to the home at that address, which he owns. Opp., Ex. G-H. Although he attests in his declaration to his intent to remain in Arizona, to have a personal vehicle registered in Arizona, to use Arizona bank accounts, to work primarily in Arizona, and to live with his father in Goodyear, Arizona, Avila has not provided any other evidence, such as documentation or supporting affidavits, to substantiate these claims. MTR at 5-6; *see Lew*, 797 F.2d at 751 (evaluating domicile based on "objective facts" and noting that "statements of intent are entitled to little weight when in conflict with facts." (quoting *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)).

Plaintiff argues that numerous conflicts between Avila's declaration and his deposition in this case render his declaration less credible. Most notably, in Avila's deposition testimony, he stated that he lived at his Buckeye property with roommates, though he could not name their children or give any other detail about them. Taylor Decl., Ex. D (Avila Depo.) at 88-95 [Doc. #34-2].[1] Then, after his "roommates" denied that he lived there and asserted he was actually their landlord, Avila changed his testimony to assert that he lived with his father in Goodyear, Arizona. *See* Supp. French Decl., Ex. L. (Supp. Avila Depo.) at 17 [Doc. # 41]. In his declaration, Avila reaffirmed that he lived with his father, as well as his stepmother and minor siblings, as of June 2019. Avila Decl. at ¶ 13 [Doc. #40-2]. To explain his outright lie at his deposition, he attested that his father owns a trucking business registered to his Goodyear address, and, believing that two trucking businesses could not be registered to the same address, he did not want to reveal that he also lived at the Goodyear address. *Id.* at ¶ 2.

Although the Court shares Plaintiff's concerns about Avila's credibility, the Court finds that, on balance, Avila has produced enough evidence to rebut the "presumption in favor of an

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 19-2260-DMG (KKx)** | Date | September 17, 2020 |
|---|---|---|---|

| Title | *Annais Wiggins v. Penske Logistics LLC, et al.* | Page | 4 of 4 |
|---|---|---|---|

established domicile as against a newly acquired one." *Lew*, 797 F.2d at 751.  In support of his changed domicile, he has produced his Arizona drivers' license, deed to his rental property in Arizona, and, most significantly, some indicia of proof of his residence and intent to remain in Arizona.  On the other hand, none of the voluminous evidence submitted by the parties indicates any address Avila returns to in California, or any of the tangible factors listed in *Lew* that indicate intent to remain indefinitely in California, besides his family ties.  *See* 797 F.2d at 750.

Though the evidence is scarce on both sides, considering the extent of discovery already conducted, the Court finds that Avila has met his burden to demonstrate by a preponderance of the evidence that he is domiciled in Arizona.  Accordingly, he is a citizen of Arizona, and the parties are completely diverse for the purposes of this Court's jurisdiction.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand and request for attorneys' fees.

**IT IS SO ORDERED**.